## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID A. STEWART** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-510-RLB** |
| **H & E EQUIPMENT SERVICES, INC.** | **CONSENT CASE** |

<u>**ORDER**</u>

Before the court is Plaintiff's Motion for Summary Judgment (R. Docs. 16, 19).

Defendant has filed an Opposition, and seeks a continuance of Plaintiff's Motion pursuant to

Rule 56(d). (R. Doc. 25).  Plaintiff has filed a Reply. (R. Doc. 29).  Defendant has filed a Sur-

Reply. (R. Doc. 31).

**I.      Procedural History and Background**

On August 3, 2015, David Stewart ("Plaintiff") initiated this breach of contract action by

filing an original Complaint. (R. Doc. 1, "Complaint").  In his Complaint, Plaintiff alleges that

on February 15, 2013, he entered into a "Retainer, Confidentiality and Non-Competition

Agreement" with his former employer, H&E Equipment Services, Inc. ("Defendant").

(Complaint, ¶ 3).  This executed contract is attached to the Complaint as Exhibit A. (R. Doc. 1-2,

"Agreement").

Plaintiff alleges that Paragraph 4 of the Agreement provides that if he was terminated

"without cause" then Defendant agreed to pay him "the same total compensation he had been

paid in the twelve month period preceding termination." (Complaint, ¶ 4).  Plaintiff alleges that

on May 1, 2015, he was terminated "without cause" and is entitled to recover $169,302.73

pursuant to the Agreement. (Complaint, ¶¶ 4-5).  Plaintiff asserts Defendant breached the

Agreement when, instead of paying him the amount due, it attempted to have him enter into a

"Separation Agreement & Release," which Plaintiff refused to sign. (Complaint, ¶ 6).  This unexecuted contract is attached to the Complaint as Exhibit B.  (R. Doc. 1-3, "Release").  In short, the Release sought a waiver of Plaintiff's rights to sue Defendant in exchange for a lump-sum payment of $50,000.00.

On September 21, 2015, Plaintiff filed an Amended Complaint for the purpose of providing more details in support of diversity jurisdiction. (R. Doc. 6).

On November 27, 2015, Defendant filed an Answer to Plaintiff's Amended Complaint, which asserts ten affirmative defenses. (R. Doc. 14).

On December 15, 2015, the court issued a Scheduling Order providing, among other things, that fact discovery would close on May 17, 2016 and dispositive motions must be filed by September 23, 2015. (R. Doc. 23).

Prior to the issuance of the court's Scheduling Order, Plaintiff filed the instant Motion for Summary Judgment, asserting that he is entitled to judgment as a matter of law because there is no genuine dispute as to any material fact. (R. Doc. 16).  In support of his motion, Plaintiff asserts that Paragraph 4(a) of the Agreement establishes that he is entitled to $169,302.73 in light of being fired on May 1, 2015, without cause. (R. Doc. 19 at 1).  Plaintiff references various articles from the Louisiana Civil Code concerning the formation, interpretation, modification, and termination of conventional obligations under Louisiana law. (R. Doc. 19 at 3).  Plaintiff argues that based on the plain language of Paragraph 4(a) of the Agreement, Defendant breached the contract and he is entitled to the 12-months of back pay sought.

Plaintiff further argues that his termination was clearly "without cause" as that phrase is used in the Agreement. (R. Doc. 19 at 4).  Plaintiff provides an affidavit he swore out on December 2, 2015, stating, among other things, that (a) he was terminated without cause on May

1, 2015; and (b) that when he asked "company officials" whether he was being terminated for cause, he was told "it was nothing [he] had done wrong, and that [his] termination was just because they were doing away with [his] position at the branch where [he] worked in Birmingham, Alabama, and that they wanted to take the branch in a different direction." (R. Doc. 16-4 at 2).

Defendant opposes the Motion on the basis that Plaintiff's interpretation of the Agreement is disputed and the parties have not had an opportunity to engage in discovery. (R. Doc. 25 at 1). Defendant requests an opportunity to conduct discovery pursuant to Rule 56(d) "on the central, and disputed, issues of the case." (R. Doc. 25 at 2).[1] Defendant argues that, among other things, there is a dispute between the parties regarding the meaning of "cause" in the Agreement and whether the "salary continuation provision" was provided in consideration for Defendant's promise not to enforce Plaintiff's "non-compete and non-solicitation obligations." (R. Doc. 25 at 3). In sum, Defendant asserts that there are genuine issues of material fact as to the following issues: (1) "Whether Defendant's agreement with Plaintiff required continuation payments in the absence of consideration for such payments"; (2) "Whether Defendant terminated the employment of David A. Stewart on May 1, 2015, without cause"; and (3) "Whether Defendant was obligated to and failed and/or refused to pay David A. Stewart continuation compensation." (R. Doc. 25-1). Defendant submits a declaration in support of these assertions. (R. Doc. 25-2).

In reply, Plaintiff notes that Defendant "has presented no facts or evidence, in the form of affidavits, testimony or otherwise, in its opposition to Plaintiff's motion for summary judgment." (R. Doc. 29 at 1). Plaintiff reasserts his position that no factual discovery is necessary because

---

[1] In the alternative, Defendant requests additional time to address Plaintiff's Motion on the merits should the court not allow additional discovery.

the sole issue is the legal interpretation of the terms of the Agreement.  Plaintiff addresses each

of Defendant's asserted genuine issues of material fact.  First, Plaintiff argues that he clearly

gave consideration under the Agreement, including, among other things, his duties under the

Agreement to maintain Defendant's confidentiality and not to compete with Defendant. (R. Doc.

29 at 2).  Second, Plaintiff argues that the meaning of the term "cause" as used in the Agreement

is established by Louisiana jurisprudence and his affidavit clearly demonstrates that there was no

"cause" for terminating his employment. (R. Doc. 29 at 2-3).[2]  Third, Plaintiff argues that it is

clear that he was terminated without "cause" and Defendant did not make the required payments

under the Agreement. (R. Doc. 29 at 3).

In the sur-reply, Defendant again argues that discovery is needed to test Plaintiff's

assertions. (R. Doc. 31).  Defendant further provides its first set of discovery requests

propounded on January 12, 2016. (R. Doc. 31-1).

## II.    Law and Analysis

Summary judgment is appropriate where there is no genuine disputed issue as to any

material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56;

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242

(1986).  A party moving for summary judgment must inform the court of the basis for the motion

and identify those portions of the pleadings, depositions, answers to interrogatories and

admissions on file, together with affidavits, if any, that show that there is no such genuine issue

of material fact. *Celotex*, 477 U.S. at 323.  If the moving party carries its burden of proof under

Rule 56, the opposing party must direct the court's attention to specific evidence in the record

---

[2] Plaintiff argues that because the term "cause" is not defined in the terms of the Agreement, Louisiana Civil Code article 2047 requires the word to be given its "generally prevailing meaning." (R. Doc. 29 at 3).  According to Plaintiff, Louisiana jurisprudence supports his supposition that a for-cause termination "involves some wrongdoing, misconduct or misfeasance on the part of the employee." (R. Doc. 29 at 2).

which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson*, 477 U.S. at 248.

Pursuant to Rule 56(d), however, if the non-moving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order. Fed. R. Civ. P. 56(d). Rule 56(d) provides a tool to keep open the doors of discovery in order to adequately oppose a summary judgment motion. *Six Flags Inc. v. Westchester Surplus Lines Ins. Co*., 565 F.3d 948, 963 (5th Cir. 2009). A party seeking additional discovery pursuant to Rule 56(d) must show: (1) how that discovery will create a genuine issue of material fact; and (2) that the movant exercised due diligence in discovery. *Id.*; *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006); *Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 756 (5th Cir. 2005).

Having considered the filings submitted by the parties, the court concludes that Plaintiff's Motion is premature and discovery is warranted in this action. Plaintiff filed the instant Motion for Summary Judgment prior to the court's issuance of its Scheduling Order. While a party may move for summary judgment prior to the commencement of discovery, Defendant has identified three areas of discovery that may create genuine issues of material fact. Defendant challenges the formation of the Agreement; whether termination was made "without cause" as that phrase is used in the Agreement; and whether it had a duty to pay Plaintiff the amount requested despite the non-occurrence of certain promises and/or conditions in the Agreement.

Defendant has also been diligent in seeking discovery. Defendant propounded discovery requests on January 12, 2016, less than a month after the court issued its Scheduling Order. (R. Doc. 31-3). Defendant has also requested dates for Plaintiff's deposition. (R. Doc. 31 at 3).

5

Discovery is not set to close until May 17, 2016.  Defendant is entitled to conduct discovery regarding the events concerning Plaintiff's termination, as well as regarding the formation and interpretation of language in the Agreement.[3]

### III.    Conclusion

Based on the foregoing, and pursuant to Rule 56(d), the court will deny Plaintiff's Motion for Summary Judgment as premature and discovery will continue.  No alteration of the court's Scheduling Order is warranted at this time.

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment (R. Doc. 16) is **DENIED without prejudice** to refile after the close of fact discovery.

Signed in Baton Rouge, Louisiana, on February 16, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] The court makes no determination regarding whether and to what extent evidence extrinsic to the Agreement may ultimately fall within the scope of discovery as defined by current Rule 26.